Liza M. Walsh
WALSH, PIZZI, O'REILLY, FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, NJ 07102
(973) 757-1100

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FOREST LABORATORIES, LLC, FOREST LABORATORIES HOLDINGS LIMITED, ALLERGAN USA, INC., and PIERRE FABRE MEDICAMENT S.A.S., <br><br> **Plaintiffs,** <br><br> v. <br><br> MSN LABORATORIES PRIVATE LIMITED and MSN PHARMACEUTICALS INC., <br><br> **Defendants.** | C.A. No.: <br><br> *Electronically Filed* |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Forest Laboratories, LLC (f/k/a Forest Laboratories, Inc.), Forest Laboratories Holdings Limited, Allergan USA, Inc. (collectively, "Forest"), and Pierre Fabre Medicament S.A.S. (collectively, with Forest, "Plaintiffs") file this Complaint for patent infringement against Defendants MSN Laboratories Private Limited and MSN Pharmaceuticals Inc. (collectively, "MSN") under 35 U.S.C. §§ 271(e)(2), (a), (b), and (c). This patent action concerns the pharmaceutical drug product Fetzima® and MSN's infringement of United States Patent Nos. 8,481,598 ("the '598 patent"), 8,865,937 ("the '937 patent"), and RE43,879 ("the '879 patent"). Plaintiffs hereby allege as follows:

**JURISDICTION AND PARTIES**

1. Plaintiff Forest Laboratories, LLC (f/k/a Forest Laboratories, Inc.) ("Forest Labs") is a Delaware limited liability company having a place of business at 5 Giralda Farms, Madison, New Jersey 07940.

2. Plaintiff Forest Laboratories Holdings Limited ("Forest Holdings") is a corporation organized under the laws of the Republic of Ireland having offices at Canon's Court, 22 Victoria Street, Hamilton HM 12 Bermuda.

3. Plaintiff Allergan USA, Inc. ("Allergan") is a Delaware corporation having a place of business at 5 Giralda Farms, Madison, New Jersey 07940.

4. Plaintiff Pierre Fabre Medicament S.A.S. ("Pierre Fabre") is a corporation organized under the laws of France having offices at 45, Place Abel Gance 92100 Boulogne - France.

5. On information and belief, Defendant MSN Laboratories Private Limited ("MSN Labs") is an Indian corporation, having a principal place of business at MSN House Plot No.: C-24, Industrial Estate, Sanath Nagar, Hyderabad 500018, India.

6. On information and belief, Defendant MSN Pharmaceuticals Inc. ("MSN Pharma") is a Delaware limited liability company, having its principal place of business at 343 Thornall Street, Suite 678, Edison, New Jersey 08837.

7. On information and belief, MSN Labs is a generic pharmaceutical company in the business of marketing and developing generic drug products. On information and belief, MSN Labs directly and through its affiliates markets and sells drug products in the State of New Jersey and throughout the United States.

8. On information and belief, MSN Pharma is a generic pharmaceutical company in the business of marketing and developing generic drug products. On information and belief,

MSN Pharma directly and through its affiliates markets and sells drug products in the State of New Jersey and throughout the United States.

9. On information and belief, MSN Labs and MSN Pharma are working cooperatively with respect to Abbreviated New Drug Application ("ANDA") No. 210805.

10. MSN "has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—that will be purposefully directed at," upon information and belief, the District of New Jersey and elsewhere. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 759 (Fed. Cir. 2016), *cert. denied*, 2017 WL 69716 (U.S. Jan. 9, 2017). MSN's "ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs." *Id.* at 760. On information and belief, MSN "intends to direct sales of its drugs into [New Jersey], among other places, once it has the requested FDA approval to market them." *Id.* at 758. Upon information and belief, MSN will market its proposed ANDA products throughout the United States, including New Jersey, upon approval of its ANDA.

11. MSN has affirmatively availed itself of this Court's jurisdiction by filing counterclaims in this district, and was previously sued in this district and did not challenge personal jurisdiction. *See, e.g.*, *Takeda GmbH et al. v. Citron Pharma LLC et al.*, No. 3:15-cv-3383 (D.N.J. July 21, 2015); *see also, e.g., Boehringer Ingelheim Pharma Inc. et al. v. HEC Pharm Group et al.*, 3:15-cv-05982 (D.N.J. Sept. 3, 2015).

12. For the reasons stated above, this Court has personal jurisdiction over MSN.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c), and § 1400(b) because, on information and belief, MSN Labs is incorporated in India and may be sued in any

judicial district in the United States, in which the defendant is subject to the court's personal jurisdiction.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c), and § 1400(b) because, on information and belief, MSN Pharma has a principal place of business in New Jersey and has and will continue to engage in infringing activities in New Jersey.

15. This patent infringement action arises under the United States Patent Laws, Title 35 U.S.C. § 100 *et seq*., including 35 U.S.C. § 271(e)(2). This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

## COUNT I FOR PATENT INFRINGEMENT
(Infringement of the '598 Patent Under 35 U.S.C. § 271(e)(2))

16. Plaintiffs reallege and incorporate by reference paragraphs 1-15.

17. The '598 patent, titled "Stable Dosage Forms of Levomilnacipran," was duly and legally issued to inventors Rahul Surana, Murali Divi, and Anil Chhettry by the United States Patent and Trademark Office ("PTO") on July 9, 2013. The '598 patent is assigned to Forest Holdings and expires on March 2, 2031. This expiration date includes a 114-day patent term adjustment granted by the PTO pursuant to 35 U.S.C. § 154(b). A true and correct copy of the '598 patent is attached as Exhibit A. A true and correct copy of the Certificate Adjusting Patent Term is attached as Exhibit B.

18. New Drug Application ("NDA") No. 204168 is directed to the use of Fetzima® for the treatment of major depressive disorder ("MDD"). The FDA approved NDA No. 204168 on July 25, 2013. The '598 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") for NDA No. 204168.

19. Plaintiff Forest Holdings is the assignee of the '598 patent. Forest Labs is the NDA holder for extended release capsules containing 20 mg, 40 mg, 80 mg, and 120 mg of the

active ingredient levomilnacipran in the United States, which are sold under the brand name Fetzima®. Allergan is a distributor of Fetzima® in the United States.

20. On information and belief, MSN filed, or caused to be filed, ANDA No. 210805 with the FDA under 21 U.S.C. § 355(j), seeking approval for the commercial manufacture, use, and sale of levomilnacipran hydrochloride extended release capsules in 20 mg, 40 mg, 80 mg, and 120 mg dosage strengths in the United States before the '598 patent expires ("MSN's generic levomilnacipran products").

21. On information and belief, ANDA No. 210805 contains a Paragraph IV certification alleging that all claims of the '598 are invalid and/or not infringed.

22. MSN sent, or caused to be sent, to Plaintiffs a letter dated September 18, 2017 ("MSN's Notice Letter") notifying Plaintiffs that MSN submitted ANDA No. 210805, and providing information pursuant to 21 U.S.C. § 355(j)(2)(B). MSN's Notice Letter alleges that all claims of the '598 patent are invalid. MSN's Notice Letter does not allege non-infringement of any claim of the '598 patent.

23. On information and belief, MSN seeks approval of at least one indication for MSN's generic levomilnacipran products that are claimed in the '598 patent.

24. Under 35 U.S.C. § 271(e)(2)(A), MSN infringed one or more claims of the '598 patent in violation of Plaintiffs' patent rights, by submitting an ANDA to the FDA that seeks approval to commercially market—before the '598 patent expires—MSN's generic levomilnacipran products, the use of which would directly infringe one or more claims of the '598 patent, literally and/or through the doctrine of equivalents, and the manufacture, use, offer for sale, or sale within the United States, or importation into the United States would contribute

to or induce the direct infringement of one or more claims of the '598 patent, by users of MSN's generic levomilnacipran products.

25. On information and belief, MSN has knowledge of the '598 patent and filed ANDA No. 210805 seeking authorization to commercially manufacture, use, offer for sale, and sell MSN's generic levomilnacipran products in the United States. On information and belief, if the FDA approves ANDA No. 210805, physicians, health care providers, and/or patients will use MSN's generic levomilnacipran products according to MSN's provided instructions and/or label and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '598 patent.

26. On information and belief, MSN knows and intends that physicians, health care providers, and/or patients will use MSN's generic levomilnacipran products according to MSN's provided instructions and/or label, and will therefore induce infringement of one or more claims of the '598 patent with the requisite intent.

27. On information and belief, if the FDA approves ANDA No. 210805, MSN will sell or offer to sell its generic levomilnacipran products specifically labeled for use in practicing one or more of the method claims of the '598 patent, wherein MSN's generic levomilnacipran products are a material part of the method claimed, wherein MSN knows that physicians will prescribe and patients will use MSN's generic levomilnacipran products in practicing one or more of the methods claimed in the '598 patent, and wherein levomilnacipran is not a staple article or commodity of commerce suitable for substantial noninfringing use. MSN will thus contribute to the infringement of the '598 patent.

28.     Plaintiffs will be substantially and irreparably harmed by MSN's infringing activities unless those activities are enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT II FOR PATENT INFRINGEMENT
(Infringement of the '937 Patent Under 35 U.S.C. § 271(e)(2))

29.     Plaintiffs reallege and incorporate by reference paragraphs 1-28.

30.     The '937 patent, titled "Crystalline Forms of (1S, 2R)-2-(Amino Methyl)-N, N-Diethyl-1-Phenyl Cyclopropane Carboxamide," was duly and legally issued to inventors Mahendra G. Dedhiya and Rahul Surana by the PTO on October 21, 2014.  The '937 patent is assigned to Forest Holdings and expires on May 23, 2032. This expiration date includes a 562-day patent term adjustment granted by the PTO pursuant to 35 U.S.C. § 154(b).  A true and correct copy of the '937 patent is attached as Exhibit C.  A true and correct copy of the Certificate Adjusting Patent Term is attached as Exhibit D.

31.     NDA No. 204168 is directed to the use of Fetzima® for the treatment of MDD. The FDA approved NDA No. 204168 on July 25, 2013.  The '937 patent is listed in the Orange Book for NDA No. 204168.

32.     Plaintiff Forest Holdings is the assignee of the '937 patent.  Forest Labs is the NDA holder for extended release capsules containing 20 mg, 40 mg, 80 mg, and 120 mg of the active ingredient levomilnacipran in the United States, which are sold under the brand name Fetzima®.  Allergan is a distributor of Fetzima® in the United States.

33.     On information and belief, MSN filed, or caused to be filed, ANDA No. 210805 with the FDA under 21 U.S.C. § 355(j), seeking approval to commercially manufacture, use, and sell MSN's generic levomilnacipran products in the United States before the '937 patent expires.

34. On information and belief, ANDA No. 210805 contains a Paragraph IV certification alleging that all claims of the '937 patent are invalid and/or not infringed.

35. MSN sent, or caused to be sent, to Plaintiffs, MSN's Notice Letter notifying Plaintiffs that MSN submitted ANDA No. 210805, and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii).

36. On information and belief, MSN seeks approval for at least one indication of MSN's generic levomilnacipran products that are claimed in the '937 patent.

37. Under 35 U.S.C. § 271(e)(2)(A), MSN infringed one or more claims of the '937 patent in violation of Plaintiffs' patent rights, by submitting an ANDA to the FDA that seeks approval to commercially market—before the '937 patent expires—MSN's generic levomilnacipran products.  The manufacture, use, offer for sale, or sale within the United States, or importation into the United States of MSN's generic levomilnacipran products would directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '937 patent.

38. Plaintiffs will be substantially and irreparably harmed by MSN's infringing activities unless those activities are enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT III FOR PATENT INFRINGEMENT
(Infringement of the '879 Patent Under 35 U.S.C. § 271(e)(2))

39. Plaintiffs reallege and incorporate by reference paragraphs 1-38.

40. The '879 patent, titled "Use of the Dextrogyral Enantiomer of Milnacipran for the Preparation of a Drug," was duly and legally reissued to inventors Jean Deregnaucourt and Richard Grosse by the PTO on December 25, 2012.  The '879 patent is assigned to Pierre Fabre

and expires on June 3, 2023.  A true and correct copy of the '879 patent is attached as Exhibit E. An application for Patent Term Extension pursuant to 35 U.S.C. § 156 is currently pending.

41. NDA No. 204168 is directed to the use of Fetzima® for the treatment of MDD. The FDA approved NDA No. 204168 on July 25, 2013.  The '879 patent is listed in the Orange Book for NDA No. 204168.

42. Plaintiff Pierre Fabre is the assignee of the '879 patent and Forest Holdings is the exclusive licensee of the '879 patent.  Forest Labs is the NDA holder for extended-release capsules containing 20 mg, 40 mg, 80 mg, and 120 mg of the active ingredient levomilnacipran in the United States, which are sold under the brand name Fetzima®.  Allergan is a distributor of Fetzima® in the United States.

43. On information and belief, MSN filed, or caused to be filed, ANDA No. 210805 with the FDA under 21 U.S.C. § 355(j), seeking approval to commercially manufacture, use, and sell MSN's generic levomilnacipran products in the United States before the '879 patent expires.

44. On information and belief, ANDA No. 210805 contains a Paragraph IV certification alleging that all claims of the '879 patent are invalid and/or not infringed.

45. MSN sent, or caused to be sent, to Plaintiffs, MSN's Notice Letter notifying Plaintiffs that MSN submitted ANDA No. 210805, and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii).  MSN's Notice Letter alleges that claims 1-9, 15-16, and 23-25 of the '879 patent are invalid. MSN did not allege noninfringement of claims 1-9, 15-16, and 23-25 of the '879 patent.

46. On information and belief, MSN seeks approval for at least one indication of MSN's generic levomilnacipran products that are claimed in the '879 patent.

47. Under 35 U.S.C. § 271(e)(2)(A), MSN infringed one or more claims of the '879 patent in violation of Plaintiffs' patent rights, by submitting an ANDA to the FDA seeking approval to commercially market—before the '879 patent expires—MSN's generic levomilnacipran products, the use of which would directly infringe one or more claims of the '879 patent, literally and/or through the doctrine of equivalents, and the manufacture, use, offer for sale, or sale within the United States, or importation into the United States would contribute to or induce the direct infringement of one or more claims of the '879 patent, by users of MSN's generic levomilnacipran products.

48. On information and belief, MSN has knowledge of the '879 patent and filed ANDA No. 210805 seeking authorization to commercially manufacture, use, offer for sale, and sell MSN's generic levomilnacipran products in the United States. On information and belief, if the FDA approves ANDA No. 210805, physicians, health care providers, and/or patients will use MSN's generic levomilnacipran products according to MSN's provided instructions and/or label and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '879 patent.

49. On information and belief, MSN knows and intends that physicians, health care providers, and/or patients will use MSN's generic levomilnacipran products according to MSN's provided instructions and/or label, and will therefore induce infringement of one or more claims of the '879 patent with the requisite intent.

50. On information and belief, if the FDA approves ANDA No. 210805, MSN will sell or offer to sell its generic levomilnacipran products specifically labeled for use in practicing one or more of the method claims of the '879 patent, wherein MSN's generic levomilnacipran products are a material part of the method claimed, wherein MSN knows that physicians will

prescribe and patients will use MSN's generic levomilnacipran products in practicing one or more of the methods claimed in the '879 patent, and wherein levomilnacipran is not a staple article or commodity of commerce suitable for substantial noninfringing use.  MSN will thus contribute to the infringement of the '879 patent.

51. Plaintiffs will be substantially and irreparably harmed by MSN's infringing activities unless those activities are enjoined by this Court.  Plaintiffs have no adequate remedy at law.

### COUNT IV FOR DECLARATORY JUDGMENT
(Declaratory Judgment of Patent Infringement of the '598 Patent Under
35 U.S.C. § 271 (b), and/or (c))

52. Plaintiffs reallege and incorporate by reference paragraphs 1-51.

53. This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq*., including 35 U.S.C. § 271(b)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

54. On information and belief, MSN, upon the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of MSN's generic levomilnacipran products so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the '598 patent under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs' patent rights.

55. On information and belief, MSN has knowledge of the '598 patent and has filed ANDA No. 210805 seeking authorization to commercially manufacture, use, offer for sale, and sell MSN's generic levomilnacipran products in the United States.  On information and belief, if the FDA approves ANDA No. 210805, physicians, health care providers, and/or patients will use MSN's generic levomilnacipran products according to MSN's provided instructions and/or label

and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '598 patent in violation of Plaintiffs' patent rights.

56.     On information and belief, MSN knows and intends that physicians, health care providers, and/or patients will use MSN's generic levomilnacipran products according to MSN's provided instructions in the '598 patent and/or label with the requisite intent under 35 U.S.C. § 271(b).

57.     On information and belief, if the FDA approves ANDA No. 210805, MSN will sell or offer to sell its generic levomilnacipran products specifically labeled for use in practicing one or more claims of the '598 patent, wherein MSN's generic levomilnacipran products are a material part of the invention claimed in the '598 patent, wherein MSN knows that physicians will prescribe and patients will use MSN's generic levomilnacipran products for practicing one or more claims in the '598 patent, and wherein levomilnacipran is not a staple article or commodity of commerce suitable for substantial noninfringing use.  On information and belief, MSN will thus contribute to the infringement of the '598 patent under 35 U.S.C. § 271(c).

58.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and MSN as to liability for infringement of the '598 patent claims.  MSN's actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from MSN's threatened imminent actions.

## COUNT V FOR DECLARATORY JUDGMENT
(Declaratory Judgment of Patent Infringement of the '937 Patent Under
35 U.S.C. § 271 (a))

59.     Plaintiffs reallege and incorporate by reference paragraphs 1-58.

60.     This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. § 271(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

61.     On information and belief, MSN, upon the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of MSN's generic levomilnacipran products so labeled, if approved by the FDA, will infringe one or more claims of the '937 patent under 35 U.S.C. § 271(a) in violation of Plaintiffs' patent rights.

62.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and MSN as to liability for infringement of the '937 patent claims.  MSN's actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from MSN's threatened imminent actions.

**COUNT VI FOR DECLARATORY JUDGMENT**
(Declaratory Judgment of Patent Infringement of the '879 Patent Under
35 U.S.C. § 271 (b), and/or (c))

63.     Plaintiffs reallege and incorporate by reference paragraphs 1-62.

64.     This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. § 271(b)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

65.     On information and belief, MSN, upon the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of MSN's generic levomilnacipran products so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the '879 patent, under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs' patent rights.

66. On information and belief, MSN has knowledge of the '879 patent and filed ANDA No. 210805 seeking authorization to commercially manufacture, use, offer for sale, and sell MSN's generic levomilnacipran products in the United States. On information and belief, if the FDA approves ANDA No. 210805, physicians, health care providers, and/or patients will use MSN's generic levomilnacipran products according to MSN's provided instructions and/or label and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '879 patent, in violation of Plaintiffs' patent rights.

67. On information and belief, MSN knows and intends that physicians, health care providers, and/or patients will use MSN's generic levomilnacipran products according to MSN's provided instructions in the '879 patent and/or label with the requisite intent under 35 U.S.C. § 271(b).

68. On information and belief, if the FDA approves ANDA No. 210805, MSN will sell or offer to sell its generic levomilnacipran products specifically labeled for use in practicing one or more claims of the '879 patent, wherein MSN's generic levomilnacipran products are a material part of the invention claimed in the '879 patent, wherein MSN knows that physicians will prescribe and patients will use MSN's generic levomilnacipran products for practicing one or more claims in the '879 patent, and wherein levomilnacipran is not a staple article or commodity of commerce suitable for substantial noninfringing use. On information and belief, MSN will thus contribute to the infringement of the '879 patent under 35 U.S.C. § 271(c).

69. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and MSN as to liability for infringement of the '879 patent claims. MSN's actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from MSN's threatened imminent actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in its favor as follows:

a) declare that, under 35 U.S.C. § 271(e)(2)(A), MSN infringed United States Patent Nos. 8,481,598, 8,865,937, and RE43,879 by submitting ANDA No. 210805 to the FDA for approval to commercially manufacture, use, offer for sale, sell, or import into the United States MSN's generic levomilnacipran products before the said patents expire;

b) declare that MSN's commercial manufacture, use or sale, or offer for sale in, or importation into the United States of MSN's generic levomilnacipran products before United States Patent Nos. 8,481,598 and RE43,879 expire, would constitute infringement of one or more claims of said patents under 35 U.S.C. § 271(b) and/or (c);

c) declare that MSN's commercial manufacture, use or sale, or offer for sale in, or importation into the United States of MSN's generic levomilnacipran products before United States Patent No. 8,865,937 expire, would constitute infringement of one or more claims of said patent under 35 U.S.C. § 271(a);

d) declare that United States Patent Nos. 8,481,598, 8,865,937, and RE43,879 are valid;

e) order that the effective date of any FDA approval for MSN's generic levomilnacipran products shall be no earlier than the expiration date of United States Patent Nos. 8,481,598, 8,865,937, and RE43,879, including any exclusivities or extensions to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. § 271(e)(4)(A);

f) enjoin MSN, and all persons acting in concert with MSN, from seeking, obtaining, or maintaining final approval for ANDA No. 210805 until United States Patent Nos. 8,481,598, 8,865,937, and RE43,879 expire, including any exclusivities or extensions to which Plaintiffs are or become entitled;

g) enjoin MSN, and all persons acting in concert with MSN, from commercially manufacturing, using, offering for sale, or selling MSN's generic levomilnacipran products within the United States, or importing MSN's generic levomilnacipran products into the United States, until United States Patent Nos. 8,481,598, 8,865,937, and RE43,879 expire, including any exclusivities or extensions to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. § 271(e)(4)(B);

h) enjoin MSN, and all persons acting in concert with MSN, from commercially manufacturing, using, offering for sale, or selling MSN's generic levomilnacipran

    products within the United States, or importing MSN's generic levomilnacipran products into the United States, until United States Patent Nos. 8,481,598, 8,865,937, and RE43,879 expire, including any exclusivities or extensions to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. § 283;

i) declare this to be an exceptional case and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4); and

j) grant Plaintiffs such further and additional relief that this Court deems just and proper.

Respectfully submitted,

Dated: October 30, 2017  By:  *s/Liza M. Walsh*
Liza M. Walsh
WALSH, PIZZI, O'REILLY, FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, NJ 07102
(973) 757-1100

Of Counsel (*pro hac vice* forthcoming):

Howard W. Levine
Sanya Sukduang
Courtney B. Casp
Danielle A. Duszczyszyn
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

***Attorneys for Plaintiffs***

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 AND 401

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: October 30, 2017     By:     *s/Liza M. Walsh*
Liza M. Walsh
WALSH, PIZZI, O'REILLY, FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, NJ 07102
(973) 757-1100

Of Counsel (*pro hac vice* forthcoming):

Howard W. Levine
Sanya Sukduang
Courtney B. Casp
Danielle A. Duszczyszyn
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

***Attorneys for Plaintiffs***

# RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiffs seek, inter alia, injunctive relief.

Dated: October 30, 2017    By:    *s/Liza M. Walsh*
Liza M. Walsh
WALSH, PIZZI, O'REILLY, FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, NJ 07102
(973) 757-1100

<u>Of Counsel</u> (*pro hac vice* forthcoming):

Howard W. Levine
Sanya Sukduang
Courtney B. Casp
Danielle A. Duszczyszyn
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

*Attorneys for Plaintiffs*